IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT WARD**                                                                                   **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO.:** 5:20-cv-206-KS-MTP

**WILKINSON COUNTY SCHOOL DISTRICT;**
**JASON HAMILTON, INDIVIDUALLY; AND**
**CHAVIS L. BRADFORD, INDIVIDUALLY**                                                **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Robert Ward, by and through counsel, Watson & Norris, PLLC, and files this action against Defendants to recover damages for violation of due process according to *Miss. Code Ann.* § 37-9-23 through 42 U.S.C. § 1983, the Mississippi Constitution and the United States Constitution. In addition, Plaintiff asserts a claim of tortious interference with employment against Defendant Jason Hamilton, individually, and Defendant Chavis L. Bradford, individually. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1.      Plaintiff, Robert Ward, is an adult resident citizen of Wilkinson County, Mississippi.

2.      Defendant, Wilkinson County School District, may be served with process by serving Superintendent, Chavis L. Bradford, 488 Main Street, Woodville, Mississippi 39669.

3.      Defendant Jason Hamilton, individually, is an adult resident citizen of Wayne County, Mississippi and may be served with process at his place of

1

employment, 488 Main Street, Woodville, MS 39669 or his residence, 612 Glen Dr., Waynesboro, MS 39367.

4. Defendant Chavis L. Bradford, individually, is an adult resident citizen of Franklin County, Mississippi and may be served with process at his place of employment, 488 Main Street, Woodville, Mississippi 39669 or his residence, 1421 Seale Road NW, Roxie, MS 39661.

## JURISDICTION AND VENUE

5. This court has federal question jurisdiction and venue is proper in this Court.

## STATEMENT OF THE FACTS

6. Plaintiff is a 72-year old male resident of Wilkinson County, Mississippi.

7. Plaintiff was hired in 2015 as a part-time Lead Teacher in the Wilkinson County School District (WCSD).

8. Plaintiff has 49 years of experience as an educator.

9. Plaintiff transferred from full-time status as an educator to part-time in 2015 and has remained employed part-time up until July of 2020.

10. Around the end of May 2020, Plaintiff met with Superintendent Chavis Bradford and Federal Program Director Jason Hamilton.

11. At that time, Superintendent Bradford spoke with Plaintiff about transitioning to the position of full-time Lead Teacher.

12. Bradford further stated that he would discuss with the School Board the idea of offering Plaintiff a salary increase above the starting pay of $44,160 per year in light of Plaintiff's substantial number of years of experience.

13. Superintendent Bradford told Plaintiff that there was a policy such that anyone coming from Louisiana employed in a school system (as Plaintiff was) would

normally max out at ten years of experience as far as being reflected as an increase from the base salary.

14. On June 10, 2020, the WCSD School Board approved offering Plaintiff a full-time position as a Lead Teacher.

15. The decision to do this stemmed from the school board's growing interest in increasing the amount of student-teacher time together to improve student test scores. This was supported by the Mississippi Department of Education.

16. On June 22, 2020, Business Manager Megan Tolliver Dixon telephoned Plaintiff and asked if he had completed the documentation related to his transfer from part-time to full-time status.

17. Plaintiff responded that before he signed the documentation, he wanted to address the previously proposed salary increase from the base that Plaintiff had requested from Superintendent Bradford.

18. Despite this request, Superintendent Bradford did not call Plaintiff after that.

19. On June 29, 2020, Interim Federal Program Director Jason Hamilton from the WCSD office called Plaintiff and informed him that his contract was ready to be reviewed and signed.

20. Mr. Hamilton stated that the deadline for Plaintiff to sign the contract was July 1, 2020.

21. Plaintiff responded that he was currently out of town dealing with a medical problem and would not be able to come to the office by the 1st, but that he would come as soon as he could.

22. Prior to coming to obtain the contract for review, Plaintiff had discussed with his wife the issue of whether to sign the contract or not.

23. Plaintiff had decided that regardless of whether he was given the increase in pay he sought or not, he planned to sign the contract.

24. On July 6, 2020, Plaintiff went to the WCSD office and announced that he was ready to review his contract.

25. However, initially no one at the office seemed to recall anything about Plaintiff's contract.

26. Eventually, however, a contract was produced for Plaintiff to review.

27. The salary shown on the contract was $44,160 plus an increase that reflected ten years of experience (as per the policy previously mentioned).

28. Plaintiff asked Ms. Perry how long he had to review and sign the contract because he wanted to take it home with him and review it with his wife.

29. At first, Payroll Clerk Anita Perry informed Plaintiff that he had until the 17th of the month (10 days) to review and sign the contract (i.e., it was due by July 17th; the ten days did not include weekend days).

30. A few minutes later, however, the story changed, and Ms. Dixon overheard the conversation (she was in the adjoining room) and corrected Ms. Perry and instructed Ms. Perry to inform Plaintiff that he had until July 15th to sign the contract (i.e., the weekend days had to be counted).

31. After a few more minutes, the story changed yet again, and Ms. Perry instructed Plaintiff that he needed to sign the contract right then and there, meaning that Plaintiff could not take the contract out of the office.

32. The logic was allegedly that the ten days started the day Plaintiff was called by Ms. Dixon, i.e., June 22, 2020.

33. Plaintiff questioned this logic and asked her who had told her this was how the ten days were to be calculated.

34. Ms. Perry replied that Mr. Hamilton had directed her this way.

35. Since Plaintiff was not given a reasonable amount of time to review, execute and return the contract, Plaintiff refused to sign the contract. In fact, he told Ms. Perry that if he could not take the contract home with him, he was not going to sign it.

36. In July of 2020, Defendant WCSD decided not to hire a full-time Lead Teacher.

37. Instead, another part-time Lead Teacher position was created, and it was offered to an applicant with 17 years of experience. Defendant WCSD now refers to that person as a part-time Lead Instructional/Facilitator Coach.

38. Defendants violated *Miss. Code Ann.* § 37-9-23 by not allowing Plaintiff ten (10) days to consider, execute and return the contract offered to him.

39. Had Plaintiff been given the proper time to consider, execute and return the contract, he would have signed and performed the services required in the contract.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF U.S. CONSTITUTIONAL AMENDMENT XIV THROUGH 42 U.S.C. § 1983 and ARTICLE 3, SECTION 14 OF THE MISSISSIPPI CONSTITUTION - LACK OF DUE PROCESS

40. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 39 above as if fully incorporated herein.

41. As a contract employee, Plaintiff had a property right in his employment that he cannot be deprived of without due process.

42. According to *Miss. Code Ann.* § 37-9-23, Plaintiff's contract was formally presented for acceptance to him on July 6, 2020 at the Defendant's office.

43. According to *Miss. Code Ann.* § 37-9-23, Plaintiff's contract was not formally presented to him on June 22, 2020, as alleged, in a telephone conversation between Plaintiff and Business Manager Megan Tolliver Dixon when Ms. Dixon telephoned Plaintiff to inquire if Plaintiff had completed the documentation related to his transfer from part-time to full-time status.

. 44. According to the *Miss. Code Ann.* § 37-9-23, once the contract was formally presented for acceptance to Plaintiff on July 6, 2020, Plaintiff had ten (10) days to execute and return the contract.

45. According to the *Miss. Code Ann.* § 37-9-23, the Defendant violated *Miss. Code Ann.* § 37-9-23's requirements of due process on July 6, 2020, when Payroll Clerk Anita Perry instructed Plaintiff that he needed to sign the contract right then and there or it would be considered null and void.

46. Once Plaintiff was formally presented the contract on July 6, 2020, he had 10 (ten) days pursuant to the statute to execute and return the contract.

47. The contract states "This contract of employment has been executed in duplicate on the dates indicated as witnessed by the signature of the employee and the duly authorized superintendent." This contractual requirement could not have been met if the contract were "executed over the phone" as Defendants demanded.

48. According to Article 3, Section 14 of the Mississippi Constitution, "[n]o person shall be deprived of life, liberty or property except by due process of law."

49. Article 3, Section 14 of the Mississippi Constitution protects Plaintiff's property interest in his employment contract with Defendant WCSD as provided for in

*Miss. Code Ann.* § 37-9-23.

50. Defendants' arbitrary and capricious actions have denied Plaintiff's property interest in a contract of employment with his appropriate level of compensation by Defendant WCSD.

51. Defendants' actions in failing to properly implement and apply the dictates of *Miss. Code Ann.* § 37-9-23 violates Plaintiff's right to due process protected by Article 3, Section 14 of the Mississippi Constitution.

52. Defendants' actions, omissions and decisions have been taken under the color of law, and such actions, omissions and decisions have deprived Plaintiff of his rights, privileges and immunities secured under the law in violation of 42 U.S.C. §1983, and for which liability and redress exist under 42 U.S.C. §1983.

53. In addition, Defendants deprived Plaintiff of his rights and privileges secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution which provides "nor shall any State deprive any person of life liberty, or property without due process of law . . ." in violation of 42 U.S.C. §1983. Specifically, Defendants deprived Plaintiff of clearly established constitutional rights pursuant to the Due Process Clause of the Fourteenth Amendment when they failed to allow Plaintiff ten (10) days to execute and return the contract in violation of 42 U.S.C. §1983.

54. Defendants are fully liable to Plaintiff under 42 U.S.C. §1983 based on their authority and actual decisions and omissions. In addition, such unlawful actions, omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of Defendants and were based on the policy, custom and practice of Defendant WCSD.

55. As a direct and proximate result of Defendant's actions, omissions and decisions, Plaintiff has suffered and continues to suffer lost pay and benefits, lost career benefits and lost career opportunities, emotional distress, personal and professional humiliation, career damage, as well as financial and other adverse consequences for which he seeks full damages and make whole relief.

56. Defendants' actions, omissions and decisions were done in a knowing, willful, wanton, reckless and bad faith manner.

57. The acts of the Defendants constitute a violation of the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983.

58. Defendants' actions entitle Plaintiffs to an award of backpay, lost benefits, pre-judgment and post-judgment interest, and attorney fees, as well as any other relief determined by the Court to be appropriate under the circumstances.

### COUNT II:  TORTIOUS INTERFERENCE WITH EMPLOYMENT – AGAINST DEFENDANT JASON HAMILTON, INDIVIDUALLY AND CHAVIS L. BRADFORD, INDIVIDUALLY

59. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 58 above as if fully incorporated herein.

60. Plaintiff had an employment relationship with Defendant WCSD. Defendant Hamilton and Defendant Bradford were aware of Plaintiff's employment relationship with Defendant WCSD.

61. Defendant Hamilton and Defendant Bradford's actions were malicious when they tortiously interfered in Plaintiff's employment relationship with Defendant WCSD which resulted in the termination of that employment relationship causing Plaintiff to suffer damages including but not limited to loss of income, FICA contributions, health insurance coverage and retirement contributions.

62. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Defendant Hamilton, and Defendant Bradford's actions in tortiously interfering with his employment relationship with Defendant WCSD.

63. In addition, Defendant Hamilton and Defendant Bradford's actions were done maliciously with the intent to cause Plaintiff professional and personal injury.

64. As such, Plaintiff is entitled to an award of punitive damages against Defendant Jason Hamilton, individually, and Defendant Chavis L. Bradford, individually in an amount to be determined by the jury.

65. The acts of Defendant Hamilton and Defendant Bradford constitute a willful and intentional violation of Mississippi law and constitute the tort of interference with employment which entitles Plaintiff to damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Future wages;
3. Tax gross-up and all wage related benefits;
4. Lost benefits;
5. Compensatory wages;
6. Punitive damages;
7. Pre-judgment and post-judgment interest;
8. Attorney fees and costs; and
9. Such other relief as the Court deems just and appropriate.

THIS the 6th day of November 2020.

                              Respectfully submitted,

                              ROBERT WARD, PLAINTIFF

                    By:  /s/Louis H. Watson, Jr.
                         Louis H. Watson, Jr.  (MB# 9053)
                         Nick Norris (MB# 101574)
                         Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com